UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WFTLVO1, LLC, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>AMTRUST NORTH AMERICA, INC., et al.,<br><br>Defendant(s). | Case No. 2:20-CV-1845 JCM (BNW)<br><br>ORDER |

Presently before the court is defendant Security National Insurance Company's ("Security National") motion to dismiss (ECF No. 21) plaintiff WFTLV01, LLC's ("WFT") complaint (ECF No. 1). WFT responded in opposition (ECF No. 34), to which Security National replied (ECF No. 42). Also before the court is Security National's motion for leave to file supplemental authorities. (ECF No. 43). WFT did not respond, and the time to do so has passed. LR 7-2(b).

It is well established that the district courts have inherent power to control their dockets. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010) (citation omitted). The power to stay proceedings is incidental to this power and empowers courts to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *see CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Courts appropriately exercise their discretion to stay a case when the resolution of another legal proceeding will have a direct impact on the issues before the court. *See Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983).[1]

---

[1] "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent

**James C. Mahan**
**U.S. District Judge**

In determining whether to stay a case, courts weigh interests such as the hardship or inequity parties may suffer in being required to move forward with the case, and the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (citation omitted).

This matter involves a dispute between WFT and the carrier of its insurance policy, Security National. WFT alleges that Security National is required to provide insurance coverage for WFT's purported business losses sustained by the governor of Nevada's temporary shuttering of non-essential businesses in response to the world-wide pandemic caused by COVID-19.[2]

The court is aware of the abundance of COVID-19 business interruption insurance cases filed in recent years in this circuit—and in nearly every other circuit in the country. Indeed, Judge Dorsey in this district dismissed a substantially similar lawsuit in 2021, which has since been appealed and was recently argued and submitted for consideration before the Ninth Circuit. *Circus Circus LV, LP v. AIG Specialty Ins. Co.*, Ninth Cir. Case No. 21-15367 (argued and submitted as of March 9, 2022).

Considering that the issues disputed by the parties—*e.g.*, whether an airborne virus can cause "direct physical loss or damage" to a business property, and if so, whether a virus exclusion clause in an insurance contract precludes coverage—are nearly identical to those present in the *Circus Circus* appeal,[3] the court finds that the interest in staying this matter to receive material guidance from the Ninth Circuit is considerable and weighs in favor of a brief

---

proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Mediterranean Enters.*, 708 F.2d at 1465.

[2] The suspension began on March 17, 2020, and WFT filed its suit in Nevada state court on August 17, 2020. (ECF No. 1-2).

[3] The *Circus Circus* appeal is particularly relevant since it will be the first time the Ninth Circuit analyzes an insurance contract in light of a COVID-19 business interruption claim *under Nevada law*. The Ninth Circuit recently issued opinions analyzing California and Arizona law, but not Nevada law. *See Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885 (9th Cir. 2021); *Selane Prods., Inc. v. Cont'l Cas. Co.*, 2021 WL 4496471 (9th Cir. Oct. 1, 2021); *Chattanooga Prof'l Baseball LLC v. Nat'l Cas. Co.*, 2022 WL 171936 (9th Cir. Jan. 19, 2022).

**James C. Mahan**
**U.S. District Judge**

1  stay.[4]  Therefore, in the interest of the "orderly course of justice," the court STAYS this matter until the Ninth Circuit issues its decision.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED, that this case is STAYED. The stay will automatically lift upon the Ninth Circuit's filing its decision in *Circus Circus v. AIG Specialty Ins. Co.*, No. 21-15367.  The parties are instructed to file a joint status report within fourteen (14) days of the Ninth Circuit's decision.

IT IS FURTHER ORDERED that all pending motions (ECF Nos. 21, 43) be, and the same hereby are, DENIED without prejudice, and with leave to refile after the Ninth Circuit has ruled.

DATED March 25, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[4] The Ninth Circuit heard oral argument for *Circus Circus* on March 9, 2022, and the case was submitted for consideration; therefore, a decision is likely imminent.

**James C. Mahan**
**U.S. District Judge**

- 3 -